UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>JOHN STEFANSKI, et al.,<br><br>  Defendants. | Case No. 24-cv-03631-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 2 |

Plaintiffs, proceeding pro se, are five individuals who live in structures along Francisco Blvd. In a related case, *Boyd v. City of San Rafael*, No. C-23-4085 EMC (N.D. Cal.), the Court issued an order that affected these individuals as well as others; specifically, it allowed the City to relocate persons camped along Francisco to a nearby area along Mahon Creek Path. The Court, however, ordered that the structures built by the Francisco campers should not be destroyed or removed pending an administrative appeal, which has a hearing scheduled for June 25.

In the case at bar, Plaintiffs now seek a temporary restraining order ("TRO"), arguing that they should be allowed to stay in their structures until the June 25 hearing. Plaintiffs' main contention is that the structures provide them with protection that tents do not (*e.g.*, a door that locks) – an issue that is particularly important for some of the individuals given past incidents of exposure to violence. In response, Defendants argue that the state-created danger doctrine has not been recognized in a situation such as this – prohibiting the vacation of illegally constructed structures in favor of tents.

The Court held a hearing on Plaintiffs' motion for a TRO on June 17, 2024. For the reasons stated on the record, Plaintiffs' motion is **DENIED**. Plaintiffs have failed to establish on

the submitted papers serious questions on the merits. As Defendants contend, there is no authority to support Plaintiffs' position that a local government creates a danger giving rise to constitutional liability by denying an individual the right to build, maintain, and live in a non-permitted structure built on public property, at least where an alternative provision (*e.g.*, tent) is offered in a suitable location.. Furthermore, although the Court acknowledges that Plaintiffs have legitimate concerns about violence, the evidence of record does not sufficiently establish that there have been any recent threats. It is also noteworthy that the location on the Mahon Creek Path will be populated with others, one safeguard noted in this Court's prior order in *Boyd*.

Accordingly, the Court denies Plaintiffs the TRO relief they seek herein. However, it orders the City to look into the security situation in the area and ensure that, in the next few weeks, there is a reasonable routine patrol of the area by law enforcement to protect the safety of those relocated to Mahon Creek Path, including those who may be vulnerable to threats of violence.

If Plaintiffs still seek a preliminary injunction, they will need to file a new motion, along with stronger record evidence and legal bases to support their request for relief. Any hearing and briefing schedule must comply with the Civil Local Rules.

This order disposes of Docket No. 2.

**IT IS SO ORDERED**.

Dated: June 18, 2024

_____
EDWARD M. CHEN
United States District Judge